Scott C. Lee (SBN 298201)
**MAYR LEE APC**
453 N Central Ave
Upland, California 91786
Telephone:     (909) 493-6603
Facsimile:     (909) 296-4699

Attorneys for Plaintiffs
CHRISTINA ANCHONDO and MICHAEL MORALES

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| CHRISTINA ANCHONDO, MICHAEL MORALES,<br><br>            Plaintiffs,<br><br>     vs.<br><br>UNITED STATES OF AMERICA; and DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.:<br><br>**PLAINTIFFS' CLAIM FOR MEDICAL NEGLIGENCE RESULTING IN WRONGFUL DEATH AND DEMAND FOR JURY TRIAL**<br><br>CIVIL UNLIMITED |

        COMES NOW PLAINTIFFS, CHRISTINA ANCHONDO and MICHAEL MORALES who alleges as follows:

## I.

## INTRODUCTION

        1.     This action arises from medical care negligently provided to plaintiff's newborn daughter by defendants. Plaintiffs contend that defendants failed provided medical care below the standard of care, by among other things, failing to alert Plaintiffs that their daughter Isabella Morales was born with a cardiac condition after defendants discovered this diagnosis after performing an echocardiography report.

-1-
PLAINTIFFS' COMPLAINT

2.    Isabella was released from the hospital and received follow-up care for unrelated matters. As a result of taking the failure to monitor or treat the cardiac condition, Isabella Morales passed away on February 27, 2023.

3.    Her autopsy was provided to the Plaintiffs June 8, 2023, and revealed that the death was attributed to the specific cardiac condition she had been diagnosed with.

4.    On or around January 11, 2025 a federal claim was made with the Department of Justice.

5.    No response has since been heard approving or denying that claim since an acknowledgement of receipt of the claim.

## II.

## PARTIES AND VENUE

6.    Plaintiffs, CHRISTINA ANCHONDO and MICHAEL MORALES are, and at all times relevant to this Complaint, were residents of the State of California, County of Orange.

7.    Isabella Morales was born to CHRISTINA ANCHONDO and MICHAEL MORALES on January 9, 2023 in the State of California, County of Orange.  There are no other known survivors of Ms. Morales.

8.    CENTRAL CITY COMMUNITY HEALTH CENTER INC., is a California non-profit corporation ("CENTRAL CITY") providing health care within the State of California, and the County of Orange.

9.    Defendant UNITED STATES OF AMERICA is believed to the owner and/or operator of CENTRAL CITY, or the employer of CENTRAL CITY and its employees. It is believed that all of the employees or agents of CENTRAL CITY were acting within the course and scope of their duties at the time the acts or actions occurred and that the acts or actons occurred within the State of California, and the County of Orange.

10.    On information and belief CENTRAL CITY is a healthcare provider covered under the Federal Tort Claims Act.

PLAINTIFFS' COMPLAINT

11.     Plaintiff is ignorant of the true names and capacities of the defendants sued herein as DOES 1 through 20, and therefore sues them under those fictitious names. Plaintiff is informed and believes and thereupon alleges that the fictitiously named defendants are in some manner responsible for the things alleged herein. Once the identities of the fictitiously named defendants become known to plaintiff, the Complaint will be amended accordingly.

12.     In performing the acts and omissions described within this Complaint, plaintiff is informed and believes that each defendant was acting as an agent or employee of, within the authority granted by, or as a co-conspirator of each other defendant and/or DOES, and the acts described herein were performed within the course and scope of such agency, employment, or conspiracy. As such, the liability of one defendant extends to each other defendant by virtue of such agency, employment, or conspiracy.

13.     Venue is proper in this court because the plaintiff's injury occurred within the District's geographical boundaries. The court has jurisdiction over this matter as the treating facilities are government facilities and are governed by the Federal Tort Claims act. A claim has been made under the Federal Tort claims act prior to the filing of this complaint.

**III.**

**GENERAL FACTUAL ALLEGATIONS**

14.     Isabella Morales was born to CHRISTINA ANCHONDO and MICHAEL MORALES on January 9, 2023 at the hospital.

15.     While at the hospital, Ms. Morales was given an echocardiography exam / report on January 11, 2023, which indicated that she suffered from specific cardiac conditions.

16.     On January 11, 2023, Ms. ANCHONDO was told by staff at the hospital that she could not leave until the results of the echocardiography were discussed with her by a doctor.

17.     After waiting approximately four more hours, Ms. ANCHONDO was then instructed by DOE 1 at her hospital to disregard the prior instructions, and that she was being discharged. The doctor would not be reviewing the results of the echocardiograph with her and to just see her primary care physician.

18. On January 13, 2023, Ms. Morales was presented to CENTRAL CITY COMMUNITY HEALTH CENTER for a newborn physical.

19. As part of the physical her primary care physician noted that Ms. Morales' reviewed the echocardiography report and stated that it showed a patent ductus arteriosus but failed to note the line that showed that the left ventricle appeared mildly hypertrophic. At no time was the left ventricle diagnosis discussed, treated, or explained.

20. Between January 17, 2023, and February 6, 2023, Ms. Morales was presented to CENTRAL CITY COMMUNITY HEALTH CENTER five times in total. At no time was Ms. Morales ever monitored or treated for the hypertrophic left ventricle that she had been diagnosed with. At no time were the plaintiffs' ever advised what to watch out for or what symptoms could be attributed to the diagnosis.

21. On February 27, 2023, Ms. Isabella Morales unfortunately passed away.

22. The autopsy performed attributed the death to hypertrophic and dilated cardiomegaly due to idiopathic cardiomyopathy. It was noted that the heart was markedly enlarged, hypertrophic and dilated at the time of death.

23. The autopsy was not made available to the plaintiffs' until June 8, 2023.

## FIRST CAUSE OF ACTION FOR MEDICAL NEGLIGENCE

### (Against all defendants)

24. Defendant repeats all allegations described in the prior paragraphs and incorporates such allegations as though fully set forth in this cause of action.

25. At all times relevant to this action, defendants, and each of them, were subject to a duty to use the level of skill, knowledge, and care in treating plaintiff that other reasonably careful health care professionals would use in the same or similar circumstances.

26. Defendants, by their conduct, breached the standard of care they owed to plaintiff by, among the following:

a. Failing to explain the conditions that Isabella Morales was diagnosed with;

b. Failing to note the cardiac condition in the diagnosis;

c. Failing to treat or monitor the cardiac condition;

d.    Failing to discuss with plaintiffs the symptoms and complications of the cardiac condition;

e.    Failing to discuss with plaintiffs treatments that may minimize and/or eliminate the risk the condition;

f.    Failing to exercise reasonable care in the treatment of their patients;

g.    Failing to exercise the level of skill, knowledge, and care in treating plaintiff that other reasonably careful health care professions would use in the same or similar circumstances.

27.    As a direct and proximate result of defendant's negligence, plaintiffs were harmed in an amount believed to equal or exceed four million dollars.

28.    As a direct and proximate result of defendant's negligence, plaintiff incurred economic and non-economic damages. Furthermore, it is reasonably foreseeable that plaintiff will continue to incur economic and non-economic damages attributable to defendants' negligence in the future.

## V.

## **PRAYER FOR RELIEF**

WHEREFORE, plaintiffs pray for judgment in their favor, against all defendants, upon all causes of action, as follows:

1.    For past economic damages;

2.    For past and future non-economic damages;

3.    For costs of suit herein; and

4.    For any other relief that the court may deem reasonable and appropriate.

////

////

////

////

////

PLAINTIFFS' COMPLAINT

**VI.**

**<u>DEMAND FOR JURY TRIAL</u>**

Plaintiff demands a trial by jury.

Dated: January 8, 2026

MAYR LEE APC

By: _____

SCOTT C. LEE
Attorney for Plaintiffs

-6-

PLAINTIFFS' COMPLAINT